STATE OF NORTH CAROLINA v. MELVIN BRYANT ELLIS

No. 9025SC207

(Filed 6 November 1990)

**Burglary and Unlawful Breakings § 126 (NCI4th)— breaking or entering motor vehicle — insufficient evidence**

The evidence was insufficient to support defendant's conviction for breaking or entering a motor vehicle in violation of N.C.G.S. § 14-56 where it tended to show that defendant grabbed the victim in a hospital parking lot and forced her back into her automobile at gunpoint, and that defendant bound the victim, kidnapped her, committed an armed robbery at a convenience store, and then returned her to the hospital parking lot.

**Am Jur 2d, Burglary § 7.**

**Burglary, breaking, or entering of motor vehicle. 72 ALR4th 710.**

APPEAL by defendant from Downs (James U.), Judge. Judgments entered 26 October 1989 in Superior Court, CATAWBA County. Heard in the Court of Appeals 15 October 1990.

Defendant was charged in proper bills of indictment with breaking or entering a motor vehicle in violation of G.S. § 14-56, second degree kidnapping in violation of G.S. § 14-39, and robbery with a dangerous weapon in violation of G.S. § 14-87. Evidence presented at trial tends to show the following:

On 15 February 1989 at about 6:45 a.m., Margaret Rhodes entered the parking lot at Catawba Memorial Hospital in her 1986 black Monte Carlo. She got out of the car and was about to reach into the back seat to get her nurse's uniform when she saw defend-

ant approaching her. Defendant grabbed her arm, showed her a gun, and forced her into the car. He took the car keys, started the car, and drove out of the parking lot. After driving about one-half mile, defendant stopped the car and forced Rhodes into the back seat where he tied her up and put her sweater over her head.

Defendant started the car again and drove around for awhile. He then stopped the car and told Rhodes he was "going in and get some money." Rhodes remained in the car and defendant returned in a few minutes. Defendant drove Rhodes back to the hospital and got out of the car.

At about 7:00 a.m. on 15 February 1989, Karen Phillips was working at the Fast Track convenience store when defendant came in and went to get an "icy cup." When Phillips turned around, she saw defendant standing at the counter with a gun. Defendant told her he wanted the money, and after she gave him $83.00 in cash, defendant made her lie on the floor.

Defendant testified that he and another person, Susan Michaux, had stolen a large sum of money on 14 February 1989 and that he did not need any money on 15 February 1989. He testified that he slept late on 15 February 1989 and that he did not see Margaret Rhodes, did not rob the Fast Track convenience store, and did not go near Catawba Memorial Hospital.

The jury found defendant guilty as charged. He was sentenced to prison terms of five years for breaking or entering a motor vehicle, thirty years for second degree kidnapping, and forty years for robbery with a dangerous weapon. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant, appellant.*

HEDRICK, Chief Judge.

At the outset, we note that the printed record on appeal in this case was mailed from this Court on 23 February 1990. Defendant's brief was therefore due on 26 March 1990. N.C. App. R. 13(a). On 26 March 1990, defendant's counsel filed a motion for an extension of time to file defendant's brief, and this Court on 27 March 1990 allowed the motion extending the time to 26 April

1990. On 24 April 1990, defendant's counsel again filed a motion for an extension of time to file defendant's brief. On 25 April 1990, this Court allowed the motion extending the time to 31 May 1990. Defendant's brief was thereafter filed on 4 June 1990. Even though assignments of error were noted in the record on appeal as to each judgment in this case and there were extensions of time for filing defendant's brief totalling sixty-five days, only one assignment of error as to one judgment has been brought forward and argued on appeal.

In the one assignment of error argued on appeal, defendant contends the trial court erred "in refusing to dismiss the charge or to set aside the verdict and in entering judgment on the conviction for breaking and entering a motor vehicle." G.S. § 14-56 provides:

> If any person, with intent to commit any felony or larceny therein, breaks or enters any railroad car, motor vehicle, trailer, aircraft, boat, or other watercraft of any kind, containing any goods, wares, freight, or other thing of value, or, after having committed any felony or larceny therein, breaks out of any railroad car, motor vehicle, trailer, aircraft, boat, or other watercraft of any kind containing any goods, wares, freight, or other thing of value, that person is guilty of a Class I felony. It is prima facie evidence that a person entered in violation of this section if he is found unlawfully in such a railroad car, motor vehicle, trailer, aircraft, boat, or other watercraft.

The evidence in this case is not sufficient to support a verdict of guilty to defendant's having violated G.S. § 14-56. There is no evidence that defendant "broke or entered" the automobile of Margaret Rhodes with intent to commit a felony therein. All the evidence tends to show that defendant grabbed the victim and at gunpoint forced her back into her automobile, and that defendant bound her, kidnapped her, committed an armed robbery and returned the victim to the hospital parking lot. The evidence supports the convictions for second degree kidnapping and robbery with a dangerous weapon and might have supported verdicts for other offenses had they been charged, but does not support the conviction for breaking or entering a motor vehicle.

The result is that defendant had a fair trial, free from prejudicial error with respect to the convictions for second degree kidnapping and robbery with a dangerous weapon and the judgments imposing prison sentences in those cases will be affirmed; the judg-

ment imposing a prison sentence for breaking or entering a motor vehicle will be reversed.

No error in part; reversed in part.

Judges ARNOLD and COZORT concur.